# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **WILLIAM MATTHEW CRUNK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. _____ |
| | ) |
| **FLAMAGAS, S.A., HALPERN IMPORT** | ) |
| **COMPANY, INC., SOLARAY** | ) |
| **CORPORATION, LOVE'S TRAVEL** | ) **JURY TRIAL DEMANDED** |
| **STOPS AND COUNTRY STORES, INC.,** | ) |
| **& STRIPES, LLC** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, William Matthew Crunk, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, and files this Complaint against Defendants, Flamagas, S.A., Halpern Import Company, Inc., Solaray Corporation, Love's Travel Stops & Country Stores, Inc., and Stripes, LLC (hereinafter collectively referred to as "Defendants").

## PARTIES

1. Plaintiff, William Matthew Crunk, is an adult resident of Morgan County, Alabama. Plaintiff is an illustrator, artist and small business owner. Plaintiff is the sole author, creator and the registered copyright owner of "ICT Color Flash Set #1" Registration Number: VA 1-680-615.

2. Upon information and belief, Defendant, Flamagas, S.A. (hereinafter referred to as "Flamagas") is a foreign corporation with its principal place of business located at Metalurgia, 38-42 08038 Barcelona, Spain. At all times relevant hereto, Flamagas manufactured, labeled,

packaged, exported, advertised, marketed, distributed, promoted, sold, and otherwise brought to the United States of America the Clipper® lighters containing Plaintiff's copyrighted material as label artwork for said lighters. Defendant Flamagas distributes, markets, and sells Clipper® Lighters in seventy (70) countries throughout the world, including the United States. Upon information and belief, Flamagas exported, advertised, marketed, distributed, promoted and sold Clipper® lighters, containing Plaintiff's copyrighted material as label artwork, online and in all seventy (70) countries it transacts business.

3.    Upon information and belief, Defendant, Halpern Import Company, Inc. (hereinafter referred to as "Halpern") is a Georgia corporation with its principal place of business located at 2890 Amwiler Road Atlanta, GA 30360. At all times relevant hereto, Halpern imported, distributed, supplied, advertised, marketed, promoted, brokered, sold and otherwise brought Flamagas Clipper® lighters to the United States. In particular, Halpern distributed Clipper® brand lighters containing Plaintiff's copyrighted material as label artwork for said lighters to distributors and to retail convenience, gas, and grocery stores throughout the United States and throughout the state of Alabama. Halpern also displayed images of lighters containing Plaintiff's copyrighted material as label artwork online at HalpernImports.com for sales and promotion purposes.

4.    Upon information and belief, Defendant, Solaray Corporation (hereinafter referred to as "Solaray") is an Oklahoma corporation with its principal place of business located at 620 S. Linden, Sapula, OK 74066. At all times relevant hereto, Solaray distributed, marketed, promoted, brokered, advertised and otherwise sold Clipper® lighters containing Plaintiff's copyrighted material as label artwork to retailers, including convenience, gas, and grocery stores throughout the United States, online and throughout the State of Alabama.

5. Upon information and belief, Defendant, Love's Travel Stops and Country Stores, Inc. (hereinafter referred to as "Love's") is an Oklahoma corporation with its principal place of business located at 10601 North Pennsylvania Ave., Oklahoma City, OK 73126. At all times relevant hereto, Love's marketed, promoted, distributed, advertised, sold and otherwise brought Flam gas Clipper® lighters containing Plaintiff's copyrighted material as label artwork to their convenience stores throughout the United States, including the State of Alabama.

6. Upon information and belief, Defendant, Stripes, LLC (hereinafter referred to as "Stripes") is a Texas corporation with its principal place of business located at 4525 Ayers Street Corpus Christi, TX 78415. At all times relevant hereto, Stripe's marketed, promoted, distributed, advertised, sold and otherwise brought Flamagas Clipper® lighters containing Plaintiff's copyrighted material as label artwork to their convenience stores throughout the United States.

## JURISDICTION AND VENUE

7. This action arises under the Federal Copyright Act of 1976, as amended, *17 U.S.C. §101*, et. seq., hereinafter referred to as the "Act." Jurisdiction is founded on Sections 1331, 1338(a) and 1338 (b) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a), 1338(b)).

8. Venue is conferred by §1391(b)(2) and (c), 1400(a) of the Judicial Code (*28 U.S.C. §§ 1391(b)(2) and (c) and 1400(a)*. This Court has personal jurisdiction over Defendants in this action and venue is proper in this judicial district under 28 U.S.C. § 1391(b) because, as alleged further below: (a) at least one of the Defendants conducts business in the State of Alabama and in this judicial district; (b) Defendants, and each of them, have intentionally engaged in substantial business and related communications within this forum amounting to sufficient minimum contacts, including, but not limited to, the sale of their offending products

and/or services into Alabama and, on information and belief, into this judicial district; (c) Defendants sold the infringing product into interstate commerce knowing that such product would be sold in the State of Alabama, in this Judicial District; (d) the harm caused to Plaintiff by the acts and omissions of Defendants was targeted by Defendants at Plaintiff and designed to impact Plaintiff, which has its principal place of business located in this judicial district; and (e) a substantial part of the acts or omissions giving rise to the asserted claims occurred or had effects in this judicial district. Furthermore, on information and belief, Defendants have infringed Plaintiff's copyrights and unfairly competed with Plaintiff via the Internet and otherwise, in every jurisdiction of the United States, including this judicial district.

## FACTS COMMON TO ALL COUNTS

9. The Clipper® Lighter is a portable mechanical device, either being in a metal or plastic container filled with a flammable fluid or pressurized liquid gas, as a means of ignition to create a flame; especially used for lighting cigarettes, cigars, or pipes. Defendants at all times relevant hereto manufactured, created, designed, labeled, packaged, distributed, advertised, promoted, sold, marketed, exported, imported and otherwise brought to the United States of America Clipper ® lighters as a device for individuals to use to ignite a flame.

10. Plaintiff is an artist, illustrator and small business owner engaging in the business of sketching, drawing, and selling flash sets of his artwork, in addition to being a tattoo artist.

11. Plaintiff created and first published artwork titled "ICT Color Flash Set #1" (a true and correct copy of the Artwork is attached hereto and incorporated herein as Exhibit 1).

12. "ICT Color Flash Set #1" contains material wholly original to Plaintiff that is copyrightable subject matter under the laws of the United States. Plaintiff is currently, and at all relevant times, has been the sole proprietor of all rights, title, and interest in and to the copyright

in the "ICT Color Flash Set #1. Plaintiff has produced and distributed the "ICT Color Flash Set #1" in strict conformity with the provisions of the Copyright Acts (of 1909 and 1976) and all other laws governing copyrights since January 25, 2000. Plaintiff never authorized use of "ICT Color Flash Set #1" to any Defendants for labeling artwork.

13. Plaintiff received a Certificate of Registration from the Register of Copyrights with the United States Copyright Office.

14. Plaintiff subsequently became aware that Defendants had infringed on his copyright by using at least two (2) images from his registered copyright flash set drawings as labeling artwork on Clipper® lighters.

15. Plaintiff attempted to prevent the further infringement of his work to no avail. Said action by Defendants constitutes a willful and deliberate, unauthorized copying and public display of Plaintiff's registered copyright. Defendant had knowledge that they were knowingly and willfully, without permission or license, infringing on the Plaintiff's copyrighted artwork.

16. Thereafter, Defendants were on notice of their infringement, but failed to remove, confiscate or destroy any and all Clipper® lighters from retail stores or images displayed online containing Plaintiff's copyrighted material as labeling artwork on said lighters.

17. On or about September 2011, Plaintiff discovered lighters on display for sale in a retail convenience store.

18. Upon information and belief, the Clipper® website identifies a "Product Range" of at least fifteen (15) types of designs of Clipper® brand lighters. Of those fifteen designs, there are at least two (2) known types of Clipper ® lighters, of different sizes and shapes, whose labeling artwork are a *verbatim copy* of Plaintiff's registered copyrighted image (see Exhibit 2).

19. Upon information and belief, one of the two Clipper® lighters that Defendants

manufactured, created, designed, labeled, packaged, distributed, advertised, promoted, sold, marketed, exported, and imported whose labeling artwork is a verbatim copy of Plaintiff's registered copyrighted image, was entitled by Defendants as the "Hardcore Set" and advertised on many websites online, including the website of Defendant Halpern Import Company.

20. At all times relevant hereto, Plaintiff did not authorize any derivative works from the copyrighted "ICT Color Flash Set #1" to be used for labeling artwork on Clipper® lighters to enhance, entice, and advance purchases of such devices.

21. Plaintiff was never informed by Defendants of such use of his artwork, nor was Plaintiff offered any monetary compensation for using such verbatim or identical derivative works, nor was Plaintiff given credit for his artwork.

22. Defendants willfully placed Plaintiff's copyright artwork onto Clipper® lighters due to the size and nature of the lighters compared to the size and nature of the copyrighted artwork. Defendants manipulated Plaintiff's copyrighted artwork in order to tailor the artwork to fit multiple sizes and dimensions of various lighters.

23. Additionally, Plaintiff's copyrighted material found on Clipper® lighters as labeling artwork has been displayed on numerous websites including, but not limited to, http://www.ebay.com and http://www.bolinat.com/clipper.

24. Upon information and belief, Plaintiff's copyrighted material found on Clipper® lighters as labeling artwork has been for sale in Europe and Israel.

## COUNT I: COPYRIGHT INFRINGEMENT

25. Plaintiff realleges and readopts all prior paragraphs of this complaint as though fully set herein.

26. Upon information and belief, Defendants knowingly and willfully placed two (2)

or more of Plaintiff's copyrighted work onto Clipper® Lighters for labeling artwork.

27. The labeling artwork printed on Defendants Clipper® Lighters is identically and substantially similar to Plaintiff's expressive work, including but not limited to protectable elements such as outline, background, lighting, shading, and color. Plaintiff's copyrighted artwork is an original expression which shows a high degree of skill and true artistic skill.

28. Plaintiff did not and has not authorized Defendants to reprint, copy, use, create a derivative work, distribute or display the copyrighted material for any commercial use.

29. The natural and probable and foreseeable result of Defendant's wrongful conduct has been to deprive the Plaintiff of any benefit of selling the work and to injure Plaintiff's relations with present and prospective customers.

30. Upon information and belief, Defendants had knowledge of the infringing activity and had a direct financial interest in the exploitation of Plaintiff's copyrighted material.

31. Plaintiff is entitled to recover statutory damages, if elected, from Defendants, damages he has sustained and will sustain and/or any actual damages including any gains, profits and advantages obtained by Defendants as a result of the Defendant's acts of infringement. At present profits and advantages cannot be fully ascertained at this time.

## COUNT II: CONTRIBUTORY COPYRIGHT INFRINGEMENT

32. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

33. Upon information and belief, Defendants encouraged, facilitated and/or induced others to display and reproduce unauthorized reproductions of Plaintiff's copyrighted works.

## COUNT III: VICARIOUS COPYRIGHT INFRINGEMENT

34. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as

if the same were set forth herein.

35. Upon information and belief, at all times relevant hereto, Defendants had the right and ability to supervise and control activity of various companies either artist, designers, printers, marketers, distributors, wholesalers, importers and exporters with respect to content of the labeling artwork and the Plaintiff's copyrighted works.

36. Upon information and belief, Defendants had knowledge of the infringing activity and had a direct financial interest in the exploitation of Plaintiff's copyrighted works.

## COUNT IV: NEGLIGENCE AND WANTONNESS

37. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

38. At all times relevant hereto, Defendants had the right and ability to supervise, hire and control activity of artwork design and production including but not limited to, artists, graphic designers, printers, manufacturers, marketers, distributors, wholesalers, importers and exporters with respect to the content of the Clipper ® Lighter labeling artwork and to avoid using copyrighted works.

39. Defendants had a duty to avoid using copyrightable content without obtaining licensing or paying a licensing fee from Plaintiff since Defendants had a direct financial interest in the exploitation of Plaintiff's copyrighted works.

40. Defendants had a duty to confiscate, destroy and remove any and all digital files, copies, reproductions, and lighters after learning of infringing activity, but negligently and/wantonly failed to do.

41. Said negligent or wanton conduct was a proximate cause of injuries and damages to the Plaintiff.

### COUNT V: UNJUST ENRICHMENT

42. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

43. Defendants were unjustly enriched by direct copying by marketing and selling the Clipper® Lighter with Plaintiff's artwork.

44. Retention of these benefits by the defendants is inequitable and unjust.

### COUNT VI: UNFAIR COMPETITION

45. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

46. This action for unfair competition is a substantial and related claim to Defendant's infringement of copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

47. Defendant, in unlawfully and willfully copying Plaintiff's artwork and placing the artwork on the Defendant's Clipper ® Lighters, created a likelihood of confusion among the public as to the original source of Plaintiff's artwork and have contributed to the dilution of the distinctive quality of Plaintif's work in the marketplace.

48. Defendant, by their unauthorized appropriation and use of Plaintiff's copyrighted works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on the Plaintiff's good will and the public's acceptance of the copyrighted works, all to Plaintiff's irreparable damage.

### COUNT VII: TRADE DRESS

49. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as

if the same were set forth herein.

50.  When creating and designing his artwork, Plaintiff had adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting his goods and talents to the public.

51.  Defendants attempted to imitate and did verbatim copy Plaintiff's particular dress, design and combination of features, as they pertain to the Clipper lighters in such a way as to mislead the public.

52.  The multiplicity of similarities between Plaintiff's copyrighted artwork and those products produced and manufactured by Defendants evidence a conscious intent by Defendant to imitate and copy Plaintiff.

53.  Defendant' use of color and combination of colors, background, lighting, shading and sizing when copying and/or imitating Plaintiff's artwork evidences a conscious intent of Defendant to imitate and copy Plaintiff.

54.  Defendant' actions are intended and/or operate to confuse the public.

55.  Plaintiff''s sale of his own works and derivative works is prejudiced by Defendant' imitation and copying of Plaintiff, all to Plaintif's irreparable damage.

## COUNT VIII: INDUCEMENT TO INFRINGE COPYRIGHT

56.  Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

57.  Plaintiff uniquely hereby charges the Defendants, Flamagas, S.A. and Halpern Import Company, with inducement of others to infringe valid copyrights of the Plaintiff.

58.  By the activities noted above, the Defendants Flam gas, S.A. and Halpern Import Company has induced others around the world to infringe on the Plaintiff's copyright by

inducing others to market products having unauthorized copies of the Plaintiff's artwork and such inducement was done willfully, knowingly, and maliciously. Upon information and belief, acts of inducement includes actively promoting Clipper ® Lighters containing Plaintiff's copyrighted artwork by photographing sets of lighters in order to display said photographs online, in marketing catalogs, and displaying lighters to the general public.

59. As a result of the inducement by the Defendants of others including wholesalers, suppliers, retailers, physical stores and/or in online websites, of products bearing the artwork infringing the registered copyright of Plaintiff as set forth herein, such others including retailers have profited wrongfully and to the injury of the Plaintiff.

## COUNT IX: CONVERSION

60. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

61. The aforesaid conduct by Defendants constitutes conversion. Defendants designed, labeled, packaged, marketed, promoted, sold, distributed, supplied, and advertised Plaintiff's copyrighted artwork on Clipper® lighters as their own work. By retaining profits from sales of lighters with Plaintiff's artwork, Defendants did wrongfully take and/or wrongfully detain and/or wrongfully assume ownership and control and/or possession of said profits. Said acts by the Defendants constitute conversion in that the Plaintiff's rights were illegally and intentionally interfered with by way of said conversion of copyrighted artwork.

## COUNT X : MISAPPROPRIATION

62. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

63. Plaintiff expended significant time, energy and money to develop "ICT Flash Set

#1" and that compilation is a valuable resource and property right of Plaintiff.

64. Plaintiff made his artwork available to the public for a limited purpose and specifically proscribed use of artwork only for skin drawing purposes.

65. Defendants appropriated the compilation for their own use at little or no cost and began soliciting Plaintiff's artwork as their own in direct competition with Plaintiff.

66. Defendants negligently, willfully, wantonly, wrongfully, maliciously, unlawfully, and/or without justification intentionally interfered with Plaintiff's commercial business which was the proximate cause of Plaintiff's suffering the injuries and damages of lost income, lost business opportunity, diminished value and marketability.

## COUNT XI: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

67. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

68. That the aforesaid conduct and actions of Defendants constitute tortious interference with business relations

69. Defendants negligently, willfully, wantonly, wrongfully, maliciously, unlawfully, and/or without justification intentionally interfered with Plaintiff's business relationships which was the proximate cause of Plaintiff's suffering the injuries and damages of lost income, lost business opportunity, diminished value and marketability.

70. As a proximate result of the negligent, willful, wanton, wrongful, malicious, unlawful, and unjustified acts of the Defendants and described in the caption hereinabove, Plaintiff was caused and will be caused to suffer loss of income, loss of sales, loss of business and emotional distress.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1.	That the Court finds that Plaintiff be declared the sole copyright owner of the original works of art attached to this Complaint collectively as Exhibit "1," entitled "ICT Flash Set #1."

2.	That the Court finds Defendants have infringed Plaintiff's copyrights in his artwork "ICT Flash Set #1", including but not limited to, by and through the scanning, copying, reproducing and use of labeling artwork of potentially thousands of Clipper® lighters with Plaintiff's copyrighted works.

3.	That Defendants, their directors and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to cease and disist during the pendency of this action and permanently from infringing upon Plaintiff's copyright, including but not limited to the displaying, copying, reproducing, manufacturing, printing, publishing, advertising, promoting, selling or other use of Plaintiff's artwork, or by causing and/or participating in such conduct by others.

4.	That Defendants, their directors and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to deliver and return to Plaintiff any and all infringing originals, copies, digitial files, facsimiles, or duplicates of the infringing artwork in their possession, custody or control, inculding printed lighters with Plaintiff's copyrighted artwork in the stream of commerce, and any and all unused printed labels that are to be placed as artwork on the lighters.

5.	That Defendants, their directors and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to recall from

all distributors, whoelsalers, dealers, retailiers, and distribuotors, and all others known to Defendants, any oridingals, copies, digital files, fascimiles, or dupilcates of any works shown by the evidence to infringe any copyright in the artwork, "ICT Flash Set #1".

      6.      That Defendants, their directors and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to deliver under oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herin, all originals, digital files, copies, fascimles, or duplicates of any work shown by the evidence to infringe any copyright in the artowrk, "ICT Flash Set #1".

      7.      That Defendants be required to file with the Court and to serve on Plaintiff within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

      8.      That pursuant to 17 U.S.C. § 504(b), Defendants pay plaintiff such actual damages as Plaintiff may have sustained as a consequence of Defendants' copyright infringement and pay Plaintiff all profits of defendants attributable to said infringement, in an amount to be determined at trial. Plaintiff requests that defendants account for all gains, profits and advantages derived from said infringement whether direct, contributory and/or vicarious.

      9.      That pursuant to 17 USC § 504(c), Defendants be required to pay an award of statutory damages should this statutory remedy be elected; that this Court find defendants acted willfully; and that Defendants be required to pay an increased award of statutory damages should this statutory remedy be elected, in the amount of $ 150,000.00 per infringement based upon Defendants' acts of willful infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, 504(c) et seq.

      10.     That pursuant to 17 USC § 505, An order requiring the Defendants to pay

plaintiff's full costs and reasonable attorneys' fees in this action.

11.     That pursuant to Rule 54(d) of the FRCP, Defendants pay Plaintiff's full costs in this action.

12.     That this Court find the conduct of Defendants was willful or wanton or in reckless regard of Plaintiff's rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

13.     That Plaintiff be granted such other and further relief as this Court may deem just and appropriate in the circumstances.

            Respectfully submitted

            **s/ Chris T. Hellums**
            Bar Number: ASB-5583-L73C

            **s/ Jonathan S. Mann**
            Of Counsel for Plaintiff
            Bar Number: ASB-1083-A36M

            **Pittman, Dutton & Hellums, P.C.**
            2001 Park Place North
            1100 Park Place Tower
            Birmingham, Alabama 35203
            (205) 322-8880
            (205) 328-2711 facsimile
            Email:  PHDKH-efiling@pittmanhooks.com

            **OF COUNSEL**
            **D. Todd McLeroy**
            Bar Number: ASB-1381-L54D
            Knight, Griffith, McKenzie, Knight & McLeroy, LLP
            409 First Avenue, S.W.
            Griffith Building
            Cullman, Alabama 35055
            (256) 734-0456
            (256) 734-0466 facsimile
            Email: dtm@knight-griffith.com

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by struck jury on all issues so triable.

**s/ Chris T. Hellums**
Of Counsel

## REQUEST FOR SERVICE

Pursuant to FRCP 4.1, Plaintiff requests service of the foregoing Complaint by certified mail.

*/s/ Chris T. Hellums*
Of Counsel

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL WITH A COPY OF THE SUMMONS AND COMPLAINT AS FOLLOWS:**

Flamagas, S.A. (via international certified mail)
c/o Ana Bayo
Metalurgia, 38-42
08038 Barcelona, Spain

Halpern Import Company, Inc.
c/o Jay Halpern
2890 Amwiler Road
Atlanta, GA 30360

Solar Ray, Inc.
c/o Wiley W. Smith
620 South Linden Street
Sapula, OK 74066

Love's Travel Stops & Country Stores, Inc.
c/o The Corporation Company
2 North Jackson Street, St. 605
Montgomery, AL 36104-3821

Stripes, LLC
c/o E. V. Bonner
4525 Ayers St.
Corpus Christi, Texas 78415

# EXHIBIT 1

"ICT FLASH SET #1" by William Matthew Crunk





# EXHIBIT 2

Certificate of Registration



